IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELVIN LOCKETT,

                Plaintiff,

     v.                        CASE NO. 05-3209-SAC

JOSEPH NEUBAUER, et al.,

                Defendants.

**O R D E R**

This civil rights complaint filed by a prisoner under 42 U.S.C. 1983 was dismissed for failure to state a claim, and all relief was denied by Memorandum and Order dated December 28, 2005.

Plaintiff has filed a Notice of Appeal (Doc. 11) of the order dismissing the action, combined with a "Motion to Consolidate Appeals" (Doc. 12). He seeks to have his appeal consolidated with the appeals of two other, distinct cases, <u>Adams v. Neubauer</u>, No. 05-3210 (D.Kan., Dec. 29, 2005) and <u>Thomas v. Neubauer</u>, No. 05-3208 (D. Kan., Dec. 29, 2005). He cites Tenth Circuit Rule 27.3(4) and "FRAP Rule 27(h)(7)." He incorrectly alleges "this action is one action with multiple plaintiffs and one defendant(s) . . . ."

Plaintiff has also filed a motion for leave to proceed in forma pauperis on appeal, which includes a request for appointment of counsel (Doc. 13). He names the plaintiffs in the 3 separate cases in the caption of this motion. He includes a request that the "question(s)" be "certified for Writ of

Certiorari with the U.S. Supreme Court." Plaintiff Lockett attaches only his own inmate account statement in support of this motion.

This court denies plaintiff's motion to consolidate the appeal of his case with the appeals of the two other, separate cases for the reason that this court is not shown to have authority to order consolidation of separate cases on appeal. CTA10 Rule 27.3(A)(4), cited by plaintiff, gives authority to rule on a motion to consolidate to the Clerk of the Circuit Court, rather than the district court[1]. The other authority cited by plaintiff, FRAP 27(h)(7), does not exist. FRAP does not have a subdivision (h).

The court denies plaintiff's motion for appointment of counsel on appeal (Doc. 13), finding that he has adequately presented his factual claims and legal arguments. A Petition for Writ of Certiorari is not to be filed in this court and is premature. Thus, "certification" is not ruled upon herein.

Plaintiff was permitted to proceed in forma pauperis in this district court action. Under 28 U.S.C. 1915, a prisoner filing an appeal in forma pauperis "shall be required to pay the full amount of the filing fee." This court must therefore assess, and when funds exist, collect, as a partial payment of the $255 appellate fees required by law, an initial fee of 20

---

[1] Rule 3(b), FRAP, pertinently provides that when parties have filed separate timely notices of appeal, the "appeals may be joined or consolidated by the court of appeals." However, this Rule appears to apply to single actions appealed by multiple parties to that action. Under these different circumstances, the Advisory Committee Notes to the subdivision explain that "In consolidated appeals the separate appeals do not merge into one" and the "parties do not proceed as a single appellant." Court action is required to consolidate separate appeals, and that action must come from the Court of Appeals. See Rule 3(b), FRAP; CTA 10 Rule 27.3(A)(4).

percent of the greater of either the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account, for the 6-month period immediately preceding the filing of the notice of appeal.  28 U.S.C. 1915(b)(1)(A),(B).  Having examined the records filed by plaintiff, the court finds the average monthly deposit to his account is $125.55 and the average monthly balance is $134.24.  The court therefore assesses an initial partial filing fee of $26.50, twenty percent of the average monthly balance, rounded to the lower half dollar.

IT IS THEREFORE ORDERED that plaintiff's Motion to Consolidate Appeals (Doc. 12) is denied, without prejudice, to his filing such a motion in the Court of Appeals; and that his motion for appointment of counsel (Doc. 13) is denied.

IT IS FURTHER ORDERED that plaintiff shall submit within 30 days an initial partial appellate filing fee of $26.50.  Any objection to this order must be filed on or before the date payment is due.

Copies of this order shall be mailed to plaintiff, to the Finance Officer where plaintiff is currently confined, and to the Clerk of the U.S. Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

3